[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff mother and the defendant father executed an acknowledgment of paternity on October 19, 1999 of a minor child, Cindy Rodriguez, born October 17, 1999 in accordance with General Statutes § 46b-172. Thereafter, the Department of Social Services commenced this action seeking "financial and medical support and maintenance" for the child. On August 30, 1999, the court date stated in the summons, neither parent appeared. The court, Langley, F.S.M., found valid abode service at the Hartford address stated on the acknowledgment. The court continued the matter and ordered the Department of Social Services to investigate the defendant's wages.
Again neither parent appeared at the continued hearing. No financial information was in evidence regarding the mother. The investigator did produce an earnings history for the defendant father. From this evidence the court finds that the defendant's gross income[1] is $380.28 and his net income is $308.69.
Based on the child support guidelines, the presumptive CT Page 13953 support amount is $74.00 per week plus $14.00 per week on the arrearage. The court finds no reason to deviate from the guidelines. Accordingly, the defendant is ordered to pay $74.00 per week current support plus $14.00 on the arrearage, making a total payable order of $88.00 per week. The order is effective October 20, 1999. Immediate income withholding is ordered, effective on notice. The State is ordered to provide notice as provided by statute within 14 days, and make return to the court file.
The child support guidelines now require the court to provide an order for medical and dental insurance coverage. Regs., Conn. State Agencies, § 46b-215a-2a(g)(1). Accordingly, each parent is ordered to provide medical and dental insurance for the benefit of the minor children as available at reasonable cost on a group basis through an employer or union. The provisions of General Statutes § 46b-84 (e) are incorporated, and each parent is provided to provide the other parent and the State verification of such insurance on or before December 1, 1999 and thereafter within 30 days of a reasonable request. The plaintiff is ordered to certify' this order to any disclosed insurance carrier.
The child support guidelines also require this court to order payment of the children's "medical and dental expenses that are not covered by insurance or reimbursed in any other manner." Regs., Conn. State Agencies, § 46b-215a-2a(g)(3). The guidelines call for recomputation of the parties' respective net incomes (line 11) by adjusting the same for the amount of the support order, arriving at an adjusted "net disposable income" on line 24. From these amount, each parent's decimal share is computed. "The order for payment of unreimbursed medical expenses shall equal each parent's decimal share of such expenses that exceed one hundred dollars per child per calendar year." Regs., Conn. State Agencies, § 46b-215a-2a(g)(3)(D). The guidelines do not specify who is responsible for the first one hundred dollars per child per year.[2] It also appears that the guidelines direct that the contribution ordered be expressed as a "decimal share" rather than a dollar amount. Lopes v. Grant, 13 S.M.D. ___ (1999).
Therefore, as required by the guidelines, the plaintiff mother is ordered to pay 0.24 (24%) of any unreimbursed or uninsured medical or dental cost that exceeds the first one hundred dollars per year. The defendant father is ordered to pay 0.76 (76%) of any unreimbursed or uninsured medical or dental cost that exceeds CT Page 13954 the first one hundred dollars per year.
The child support guidelines now also require the court to make an order regarding a contribution by the noncustodial parent to child care costs. Regs., Conn. State Agencies, §46b-215a-2a(h). Similar to the unreimbursed medical cost, this element is computed based on the decimal share[3] of the combined adjusted net disposable income. Unlike the unreimbursed medical cost order, which applies to both parent, the child care contribution is payable only by the noncustodial parent. Regs., Conn. State Agencies, § 46b-215a-2a(h)(2)(B)(i). Accordingly, the defendant father is ordered to pay 0.76 (76%) of any qualified child care cost.
The defendant is ordered to pay the current support and arrearage order to the State of Connecticut. Immediate income withholding is ordered. The arrearage portion of the order is allocated to the plaintiff except when she is owed no arrearage, in which event it shall apply any State's arrearage. Regs., Conn. State Agencies, § 46b-215a-4a(b)(2). The arrearage order shall apply against any arrearage, past, present or future, unless modified or terminated by court order or discharge of all support obligations by the defendant.
Regarding arrearages, the court will charge the defendant at the same presumptive order from October 17, 1998, the date of Dylan's birth to this date. Accordingly, one year of past due support at $74.00 per week computes to $3,848.00. There is no evidence of any payment or credit for the defendant.[4] The arrearage finding is as of October 1999 and in the absence of any evidence of any cash assistance from the State, it is owed to the plaintiff.
Judgment is entered accordingly. No cost are taxed.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate